OPINION
Defendant-appellant Thomas Carpenter appeals the October 30, 2001 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, which granted the parties a divorce, divided the marital property, and set spousal support. Plaintiff-appellee is Traci Carpenter.
 STATEMENT OF THE CASE AND FACTS
The parties were married on February 1, 1992. No children were born as issue of the marriage. On April 6, 2001, appellee filed a Motion for Temporary Orders, a Motion for a Restraining Order and a Complaint for Divorce. The last page of the complaint stated:
Notice of Hearing
 If no answer is filed to this complaint or if the parties have entered into a written separation agreement, this matter will be heard as an uncontested trial on the 7th of August, 2001 at 1:15 p.m. in the Stark County Family Court * * *.
The record indicates the Stark County Sheriff's Department personally served appellant with a copy of the complaint on April 11, 2001. On May 8, 2001, the magistrate conducted a hearing. At that time, the magistrate noted the parties were attempting to reconcile and noted appellee withdrew her motions.
On July 10, 2001, appellee filed a second Motion for Temporary Orders, which the Stark County Sheriff's Department served on appellant on July 17, 2001. The matter proceeded to a hearing before the magistrate on July 31, 2001. Both parties appeared at this hearing. Appellant represented to the magistrate he had retained Attorney Jackmidies, and requested a continuance so his counsel could be present. In an August 2, 2001 Magistrate's Order, the magistrate continued the hearing until August 14, 2001.
The magistrate conducted the uncontested divorce trial on August 7, 2001. In the Magistrate's Order filed August 8, 2001, the magistrate noted appellant was in default of answer and appearance after having received personal service of the complaint. The magistrate granted appellee a divorce on the grounds of extreme cruelty and neglect.
On August 20, 2001, appellant filed an objection to the magistrate's August 8, 2001 Order. Appellant maintained after his last appearance in court on July 31, 2001, he understood all matters had been continued until August 14th. However, when appellant appeared on August 14, 2001, he was informed the divorce had been granted after a hearing on August 7th. Appellant also objected to the fact an uncontested trial had been conducted after the magistrate had granted him two weeks to secure counsel. Despite this allegation, we note the record does not affirmatively demonstrate appellant was "granted two weeks to secure counsel."[1]
In an October 9, 2001 Judgment Entry, Judge Stucki granted the parties a divorce, and divided the marital property and expenses. In an October 30, 2001 Judgment Entry, the trial court overruled appellant's objections to the magistrate's decision. It is from this judgment entry appellant prosecutes this appeal, assigning the following errors for our review:
 I. THE MAGISTRATE ABUSED HIS DISCRETION BY TAKING EVIDENCE AND GRANTING A DIVORCE AT THE CALL OF THE DOCKET WHEN THE APPELLANT HAD PREVIOUSLY MADE AN APPEARANCE.
 II. THE MAGISTRATE ABUSED HIS DISCRETION BY DELEGATING HIS DUTY TO MAKE FINDINGS TO THE APPELLEE'S ATTORNEY.
 III. THE COURT ABUSED ITS DISCRETION IN AWARDING SPOUSAL SUPPORT WITHOUT APPLYING OHIO REVISED CODE 3109.18.
 I
In appellant's first assignment of error he maintains the magistrate abused his discretion by taking evidence and granting a divorce where appellant had previously made an appearance and had been granted a two week continuance.
Civ.R. 53(E) directs the magistrate to prepare a report. Within 14 days, either party may file written objections.
Civ.R. 53(E)(3)(b) provides:
 (b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Essentially appellant maintains the trial court abused its discretion in granting a divorce where the record before it indicated the hearing took place on August 6th, a day before the date the hearing was scheduled.[2] Further, appellant argues the magistrate erred in finding appellant was in default of both answer and appearance. While appellant concedes he failed to answer, he argues he did appear at the July 31, 2001 hearing on temporary orders.
Notwithstanding appellant's appearance on July 31, 2001, we disagree with appellant's contentions. When the magistrate continued the temporary hearing, it did not relieve appellant of his responsibility to file an answer within 28 days. Nor did it change appellant's requirement to appear at the uncontested hearing or request an extension of time in which to plead. Even though we recognize the pro se appellant may not have understood the subtleties of this distinction, the continuation of a hearing on temporary orders does not serve to continue either the 28 day period in which appellant was required to file an answer, or to continue the date set in the complaint for the uncontested trial. Appellant can seek relief through Civ.R. 60(B). However, we find appellant's claim unpersuasive on this direct appeal.
Appellant's first assignment of error is overruled.
 II, III
In appellant's second assignment of error, he submits the magistrate abused his discretion by delegating his duty to make findings to the appellee's attorney. In appellant's third assignment of error, he maintains the trial court abused its discretion in awarding spousal support without applying R.C. 3109.18. Because appellant failed to raise either of these arguments in his objection to the magistrate's decision, the issues have been waived on appeal.
The October 30, 2001 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.
By: HOFFMAN, P.J. GWIN, J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the October 30, 2001 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.
[1] In fact, we note the August 2, 2001 Magistrate's Order states: "* * * Def present states he is represented by Atty Jakmides Def requests continuance today so counsel can be present." This statement indicates counsel had, in fact, been secured. As later noted in the record, Attorney Jakmides was never actually retained by appellant. We note, if an attorney would have reviewed the documentation in the case immediately after the July 31, 2001 hearing, appellant would have still had time to file leave to answer, or at least appear at the divorce hearing scheduled for August 7, 2001. Appellant failed to provide this court with a transcript of the July 31, 2001 hearing before the magistrate.
[2] The transcript reflects the uncontested divorce hearing took place on August 7, 2001. It appears the magistrate mistakenly put the wrong date on the Order.